UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| _____ )<br>OMAYRA ROMAN BATISTA,           )<br>    Plaintiff                                        )<br>                                                        )<br>v.                                                      )<br>                                                        )<br>RIVERWALK HOLDINGS LTD.,       )<br>DE VILLE ASSET MANAGEMENT LTD, )<br>and JAY BRIAN LEDFORD              )<br>    Defendants                                  )<br>_____ ) | Case No. 15−CV−10461−MLW |

**REQUEST FOR CLARIFICATION REGARDING DEFENDANTS' DEFAULT STATUS AND RENEWED REQUEST FOR ENTRY TO DEFAULT**

Plaintiff Omayra Roman-Batista requests this Honorable Court clarify and provide guidance the default status of the defendants. In support of this request plaintiff states the following:

1. Rule 55(a) states that "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk *must* enter the party's default." Accordingly, Rule 55(a) entry of default is largely administerial act that should be granted as a matter of course when the Court receives proper affidavits demonstrating that a defendant had failed to file answer or other defend within the deadlines set forth in the Rules of Civil Procedure.

2. On March 25, 2015, plaintiff filed a request for entry of default against all defendants for failure to plead or otherwise defend pursuant to Rule 55(a). (ECF doc. 6.). Plaintiff renews her request by incorporation herein.

3. To date, more than seven months later, the Court has taken no action on Plaintiff's Request for Entry of Default.

4. None of the defendants have responded to the request for Entry of Default, filed any motions or pleadings in response to the complaint, filed an appearance or otherwise defended themselves in this action. Therefore, the defendants are *de facto* in default.

5. Plaintiff wishes to obtain default judgment with an award of damages, fees and costs pursuant to Rule 55(b). However, plaintiff is unsure how to proceed procedurally due to the manifest uncertainty of defendants' default status. If the defendants' *de facto* default permits default judgment, notwithstanding the lack of a formal entry of default, then plaintiff will prepare said motion of default judgment. Alternatively, if the defendants are not in default due to some procedural defect or oversight, then plaintiff will need remedy that defect.

WHEREFORE, the Plaintiff Omayra Roman-Batista request this Honorable Court clarify the defendants' by either:

a) Ordering the clerk enter an entry of default on the record; or

b) Denying plaintiff's request for entry of default as improperly brought including the reasoning as to why it was improperly brought.

SIGNED UNDER THE PENALTIES OF PERJURY

November 5, 2015

/ s/ Sebastian Korth
Sebastian Korth, Esq. (BBO # 676127)
Korth Law Office
One Center Plaza, Suite 220
Boston, MA 02108
617-259-1955
SKorth@korthlawoffice.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above documents along with all referenced documents, were served on Jay B. Ledford, both in his individual capacity, and as officer of co-defendants Riverwalk Holding, Ltd. and De Ville Asset Management Ltd. at 1132 Glade Road Colleyville, TX 76034 via first class mail on November 5, 2015


/ s/ Sebastian Korth
Sebastian Korth, Esq.